IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HARVEY WAYNE BUCHE,                    )
                                       )        Civil No. 04-1469-MO
            Petitioner,                )
                                       )
     v.                                )
                                       )
MARK RASMUSSEN, Director of            )
Clackamas County Community             )
Corrections,                           )
                                       )        OPINION AND ORDER
            Respondent.                )

        John Henry Hingson, III
        409 Center Street
        P.O. Box 1448
        Oregon City, Oregon 97045

            Attorney for Petitioner

        Kathleen J. Hansa
        Clackamas County Counsel
        2051 Kaen Road
        Oregon City, Oregon 97045-1819

            Attorney for Respondent

///

        1 - OPINION AND ORDER

///

MOSMAN, District Judge.

Petitioner brings this case pursuant to 28 U.S.C. § 2254. He asks the court to invalidate his conviction for Driving Under the Influence of Intoxicants ("DUII") because it violates the Fifth, Sixth, and Fourteenth Amendments. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (#8) is denied.

## BACKGROUND

In November of 2001, petitioner was tried on a DUII charge. During closing argument, the following ensued:

| | |
|---|---|
| Prosecutor: | Now, let's get down to this final issue of the burden of proof. It's all about common sense, folks; not some legal chicanery; it's about your common sense to find out what happened that night based on the evidence that -- |
| Defense: | I have a matter for the Court. |
| Court: | Very well. Ladies and gentlemen of the jury, you'll be excused for a few minutes while I hear this matter. |
| | * * * * * |
| Defense: | The Defendant objects to the prosecution's argument . . . with regard to burden of proof. This is not about legal chicanery. I object to that argument on the basis that it improperly impinges on the prosecution's obligation to prove guilt beyond a reasonable doubt, and it denigrates that into the term "legal chicanery" when it is hallowed in this country." |
| Prosecutor: | If Counsel would have allowed me to finish my argument, I was going to go on |

to say we believe we have proven our case beyond a reasonable doubt, as is our burden. I've said nothing that suggests otherwise.

\* \* \* \* \*

Court:        All right, gentlemen, be seated.

I'll sustain the objection. I'll instruct the prosecutor not to use the term "legal chicanery" hereafter.

And I would interpret the prosecutor's comment to the effect that "we think we've proved our case" not that he is injecting his own personal view but rather that he is speaking on behalf of the State. The State believes that it has proved its case.

So, I understand your objection, and that is my ruling. . . .

Trial Transcript 252-254. The court then denied petitioner's motion seeking a clarifying instruction regarding the prosecutor's reference to legal chicanery, and also denied petitioner's motion for a mistrial. Id at 254.

When the jury returned to the courtroom, and after the completion of closing arguments, the trial judge instructed the jury on reasonable doubt as follows:

The defendant is innocent unless and until the defendant is proven guilty beyond a reasonable doubt. The burden is on the State to prove the guilt of the defendant beyond a reasonable doubt. A reasonable doubt is based on common sense and reason. Reasonable doubt means an honest uncertainty as to the guilt of the defendant. Reasonable doubt exists when, after careful and impartial consideration of all of the evidence in the case, you're not convinced to a moral certainty that the defendant is guilty.

3 - OPINION AND ORDER

Id at 271.

Petitioner was found guilty by the jury and sentenced to 10 days in jail. Respondent's Exhibit 102, p. 1. The Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. State of Oregon v. Buche, 192 Or.App. 603, 89 P.3d 96, rev. denied, 337 Or. 247 (2004).

Petitioner filed this case on October 8, 2004. He alleges that his DUII conviction is unconstitutional because the prosecutor's reference to "legal chicanery" during his closing argument violates: (1) the rule requiring proof of guilt beyond a reasonable doubt; (2) petitioner's right to effective assistance of counsel; and (3) petitioner's right to a fair trial. Respondent asks the court to deny relief on these claims because they were not fairly presented to Oregon's state courts, and because the state-court decisions denying relief are entitled to deference. Because petitioner's claims fail on their merits, the court declines to decide the exhaustion issue and proceeds directly to the merits of the case. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

**DISCUSSION**

I.    **Standard of Review**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

<u>Id</u> at 410.  The state court's application of clearly established law must be objectively unreasonable.  <u>Id</u> at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law.  <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000).  In such an instance, although the court independently reviews the record, it still defers to the state court's ultimate decision.  <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002).

## II.  **<u>Analysis</u>**.

In determining whether a due process violation occurred in petitioner's case as a result of the prosecutor's closing argument, the issue the court must address is "whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986) (quoting <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1974)).  Petitioner is only entitled to habeas relief if the prosecutor's comments had "substantial and injurious effect or influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993).

All of petitioner's constitutional claims pertain to the propriety of the prosecutor's reference to "legal chicanery" during his closing argument.  The prosecutor specifically and correctly

stated that the burden of proof in the case had nothing to do with legal chicanery. This true statement had no effect on the jury's understanding of the State's burden of proof, therefore it did not influence the outcome of the case.

Even assuming that the prosecutor's comments could have confused the jurors about the burden of proof, any confusion was remedied when the trial judge instructed the jurors that a guilty verdict would only be proper if they were convinced of petitioner's guilt beyond a reasonable doubt, and defined reasonable doubt for them. See Penry v. Johnson, 532 U.S. 782, 799 (2001) (jurors are presumed to follow the judge's instructions). The court therefore finds that petitioner's trial was free from constitutional error. Accordingly, upon an independent review of the record, the Oregon state court decisions denying relief on petitioner's claims are neither contrary to, nor unreasonable applications of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#8) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this  6th  day of October, 2005.


                              /s/ Michael W. Mosman
                              Michael W. Mosman
                              United States District Judge


    7 - OPINION AND ORDER